UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-496-MOC
(3:14-cr-76-MOC-1)

| | |
|---|---|
| SHAUN ISIAH-JEFFREY HINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 3).

**I.     BACKGROUND**

In November 2013, Petitioner Shaun Isiah-Jeffrey Hinson and an accomplice entered a Bank of America branch in Charlotte, North Carolina, wearing ski masks and gloves, and wielding handguns. (Id., Doc. No. 34 at ¶¶ 5-6: PSR). They ordered everyone to lie down and then both men leapt over the teller's counter and took almost $24,000 in cash before fleeing. (Id. at ¶¶ 6-7). A month later, Petitioner robbed another Bank of America branch in Charlotte, this time taking over $42,000 in cash. (Id. at ¶ 9). Law enforcement officers were able to identify Petitioner after police attempted to stop his car for speeding over 120 miles per hour in Virginia. (Id. at ¶ 11). Petitioner abandoned his car after it got stuck when he attempted to cross over a median. (Id.). However, when police searched the vehicle, they found Petitioner's state identification card, gloves matching those worn during the bank robberies, five Bank of America

1

money straps, and a loaded, 9mm handgun that looked like the handgun used during the first robbery. (Id.).

A grand jury charged Petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count One); possession of and brandishing a firearm in furtherance of a crime of violence, namely the bank robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(C)(ii) (Count Two); and bank robbery, in violation of 18 U.S.C. § 2113(a) (Count Three). (Id., Doc. No. 1: Indictment). Petitioner agreed to plead guilty to all three charges. (Id., Doc. No. 23: Plea Agrmt.). As part of Petitioner's plea agreement, the Government agreed that his plea was timely for purposes of acceptance of responsibility and both parties agreed that either side could seek a departure or variance at sentencing. (Id. at ¶ 6). Petitioner also agreed to waive the right to challenge his conviction or sentence on appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 17-18).

At the plea hearing, Petitioner agreed that he understood the terms of the plea agreement, that he understood and agreed to the waiver of his right to challenge his conviction and sentence on appeal or in any post-conviction proceeding, that other than the plea agreement there were no agreements between the parties, and that no promises of leniency or a light sentence had been made to induce him to plead guilty. (Id., Doc. No. 56 at 12-15: Plea Tr.). When the magistrate judge asked Petitioner whether he was satisfied with his attorney, he stated, "Great guy. Great services." (Id. at 15). The magistrate judge found that Petitioner's guilty plea was knowingly and voluntarily made and accepted it. (Id. at 16-17).

A probation officer prepared a presentence report, recommending that Petitioner be sentenced at offense level 22. (Id., Doc. No. 34 at ¶¶ 22-44). The probation officer also found

that Petitioner had 15 criminal history points, based on his prior New York state convictions from 2004 through 2012, and a criminal history category of VI. (Id. at ¶¶ 50-59). The advisory guidelines range for Counts One and Three was 84-105 months of imprisonment, with a mandatory-minimum consecutive sentence of seven years as to Count Two. (Id. at ¶ 105).

At sentencing, Petitioner stated that he remembered the plea hearing and would give the same answers if the Court were to ask him those questions again. (Id., Doc. No. 57 at 2-3: Sent. Tr.). This Court accepted his plea. (Id. at 3-4). Although the Government argued for a sentence in the middle of the guidelines range, this Court sentenced Petitioner at the bottom of the guidelines range to 84 months of imprisonment for Counts One and Three, to be served concurrently, and 84 months of imprisonment as to Count Two, to be served consecutively, for a total sentence of 168 months of imprisonment. (Id. at 14, 17-18).

Petitioner appealed. His attorney filed an Anders brief, but questioned whether the Government had breached the plea agreement by not moving for a downward departure and whether this Court had erred by accepting a guilty plea to the firearm charge given Petitioner's new representation that the firearm was fake. United States v. Hinson, 621 F. App'x 201 (4th Cir. 2015). Petitioner filed a pro se supplemental brief, asserting that his attorney had promised him that he would receive a downward departure, that the firearm used during the offense was only a BB-gun and was only brandished by his accomplice, and that Petitioner was not seen by a doctor for his mental health issues before sentencing. (Appellate Doc. No. 31).

In October 2015, the Fourth Circuit affirmed Petitioner's conviction and sentence, holding that Petitioner had not shown that the Government breached the plea agreement, that this Court had not erred in accepting his guilty plea, and that the issues raised in Petitioner's pro se supplemental brief lacked merit. Hinson, 621 F. App'x at 202. Petitioner timely filed the

present motion to vacate in June 2016. (Civ. Doc. No. 1). In his motion, Petitioner argues that this Court breached an agreement to sentence him at the low end of the Sentencing Guidelines and his attorney provided ineffective assistance by failing to object to the Government's alleged breach; his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015); his § 924(c) conviction violates double jeopardy; and his criminal history category was incorrectly calculated. (Doc. No. 1 at 5-9). The Government filed its response and motion to dismiss on December 30, 2016. (Doc. No. 3). On January 3, 2017, this Court issued an order giving Petitioner until January 20, 2017, to respond to the Government's motion to dismiss. (Doc. No. 4). Petitioner has not responded and the time to do so has passed. Therefore, this matter is ripe for disposition.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

**A. Petitioner's Claims other than His Claim of Ineffective Assistance of Counsel**

As noted, Petitioner raises the following claims in his petition: that this Court breached an agreement to sentence him at the low end of the Sentencing Guidelines and his attorney provided ineffective assistance by failing to object to this; his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015); his § 924(c) conviction

4

violates double jeopardy; and his criminal history category was incorrectly calculated. (Doc. No. 1 at 5-9). The Court first finds that Petitioner has waived the right to bring all claims except for his ineffective assistance of counsel claim. Here, as noted, Petitioner waived the right to seek post-conviction relief, including that under § 2255, as part of his plea agreement, with the exception of claims of ineffective assistance or prosecutorial misconduct. See (Id., Doc. No. 23 at ¶¶ 17-18). A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner does not allege that his plea was involuntary, and any such allegation would be frivolous because it would contradict Petitioner's testimony at the plea hearing. See (Id., Doc. No. 56 at 13-15). Furthermore, a waiver in a plea agreement is enforceable even if there is an intervening change in the law. See United States v. Copeland, 707 F.3d 522, 529 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). Accordingly, all of Petitioner's claims, with the exception of his allegation of ineffective assistance, are subject to dismissal as barred by the waiver in his plea agreement.

Petitioner's claims are also procedurally barred because he did not raise them before this Court or on direct appeal. A § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal

5

basis for the claim was not reasonably available when the matter should have been raised." Id. As the Fourth Circuit has made clear, futility does not establish cause to excuse a procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner did not argue before this Court or on appeal that a promise to sentence him at the lower end of the guidelines was breached, that his sentence was improperly enhanced based on prior convictions that were found to be crimes of violence under language that is unconstitutionally vague under Johnson,[1] that his conviction for armed robbery and for use of a firearm during a crime of violence violated double jeopardy, or that his criminal history points were incorrectly calculated. He also has not alleged that he can establish cause and prejudice for this procedural default, nor has he alleged or shown that he is actually innocent of the underlying offenses. Because Petitioner has procedurally defaulted these claims, and he has not shown that he can overcome this procedural default, these § 2255 claims are also subject to dismissal on this basis.

---

[1] Johnson was decided before Petitioner's case was final.

Finally, even if Petitioner's claims were not waived and procedurally barred, they would fail on the merits.  First, as to Petitioner's Johnson claim, in addition to the fact that this claim is waived and procedurally barred, it is also frivolous since Petitioner was not sentenced under the residual clause invalidated in Johnson.  In Johnson, the Supreme Court addressed the Armed Career Criminal Act (ACCA), which provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).  "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

Johnson held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness.  Johnson, 135 S. Ct. at 2556, 2558.  The Court did not strike, however, the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i).  Id. at 2563.  Thus, Johnson does not call into question the force clause in § 924(c)(3)(A), which is almost identical to the ACCA's force clause.  Compare § 924(e)(2)(B)(i), with § 924(c)(3)(A) (a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Petitioner argues that his conviction for bank robbery in Count Three is not a crime of violence because it qualified only under the residual clause.  (Doc. No. 1 at 6).  Therefore, he

7

contends that it could not have served as a predicate for his § 924(c) conviction. Petitioner's argument is misplaced because the predicate for his § 924(c) offense was the armed bank robbery charged in Count One, not the bank robbery charged in Count Three. Moreover, the Fourth Circuit has recognized that even unarmed bank robbery is a crime of violence that will support a § 924(c) conviction.

The elements of federal bank robbery are: (1) taking, or attempting to take, money belonging to a bank; (2) "by force and violence, or by intimidation"; (3) where the bank's deposits are federally insured. See United States v. McNeal, 818 F.3d 141, 152 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016). Petitioner's challenge to his § 924(c) conviction fails because he was sentenced under § 924(c)'s force clause, and the Fourth Circuit has rejected a Johnson challenge to a § 924(c) conviction predicated on a federal bank robbery offense. In McNeal, 818 F.3d at 153, the Fourth Circuit held that "bank robbery under § 2113(a) constitute[s] a crime of violence under the force clause in § 924(c)(3)." Accordingly, Petitioner was properly convicted and sentenced for brandishing a firearm in furtherance of a crime of violence because his bank robbery offenses are crimes of violence. Therefore, his Johnson claim is without merit.

Next, as to Petitioner's double jeopardy claim, the Double Jeopardy Clause protects against successive prosecutions for the same offense, as well as against the imposition of punishment greater than the legislature intended. See United States v. Luskin, 926 F.2d 372, 377 (4th Cir. 1991). "Cumulative punishments prescribed by Congress are constitutional." United States v. Shavers, 820 F.2d 1375, 1378 (4th Cir. 1987) (citing Whalen v. United States, 445 U.S. 684 (1984)). Petitioner argues that his conviction for brandishing a firearm in furtherance of a crime of violence violates the Double Jeopardy Clause because it is based on his use of the same firearm that he used during the armed robbery offense, for which he also was convicted. (Doc.

8

No. 1 at 7). The Fourth Circuit has previously rejected this argument, holding that "Congress intended the imposition of cumulative punishment for violation of armed bank robbery, § 2113(d), and use of a dangerous weapon, § 924(c)." United States v. Shavers, 820 F.2d 1375, 1378 (4th Cir. 1987). Therefore, in addition to being waived and procedurally barred, Petitioner's double jeopardy claim is without merit.

Next, as to Petitioner's challenge to his criminal history score, relief under § 2255 is reserved for errors of constitutional law or fundamental defects that result in a complete miscarriage of justice. See Mikalajunas, 186 F.3d at 495-96. Barring extraordinary circumstances, misapplication of the sentencing guidelines cannot be raised in a § 2255 proceeding. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); see Mikalajunas, 186 F.3d at 496 (recognizing that a guideline error "typically does not constitute a miscarriage of justice"). Petitioner contends that this Court erred in calculating his criminal history score because his prior convictions were obtained without the assistance of counsel or without the effective assistance of counsel.[2] (Doc. No. 1 at 9). Even if this issue was not waived by Petitioner's plea agreement or procedurally barred, Petitioner may not raise this challenge under § 2255 because any misapplication of the sentencing guidelines has not resulted in a fundamental miscarriage of justice. See United States v. Hairston, No. 5:12cv21, 2015 WL 1636174, at **4-5 (W.D.N.C. Apr. 13, 2015) (holding challenge to criminal history score was not cognizable under § 2255 even where state court had vacated prior conviction due to violation of the right to counsel), appeal dismissed, 614 F. App'x 683 (4th Cir. 2015). Accordingly, Petitioner's challenge to his criminal history score will be dismissed.

---

[2] As the PSR notes, a defendant has had the right to counsel in New York State since 1965. See (Crim. Case No. 3:14-cr-76-MOC-1, Doc. No. 34 at ¶ 47: PSR).

### B. Petitioner's Claim of Ineffective Assistance of Counsel

The Court next considers Petitioner's claim that counsel was ineffective for failing to object when Petitioner was sentenced at the top of the guidelines range despite an agreement that he would be sentenced at the low end of the guidelines range. (Doc. No. 1 at 5). The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a

defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, Petitioner asserts that his counsel provided ineffective assistance by failing to object when Petitioner was sentenced at the top of the guidelines range despite an agreement that he would be sentenced at the low end of the guidelines range. (Doc. No. 1 at 5). This argument is meritless. The plea agreement and the plea hearing show that no promises were made to Petitioner outside of the terms of the plea agreement. (Id., Doc. No. 23 at ¶ 27; Doc. No. 56 at 12-15). Moreover, Petitioner was sentenced at the bottom of the guidelines range. See (Id., Doc. No. 57 at 17-18). Accordingly, there was no basis for counsel to lodge an objection to Petitioner's sentence, nor would such an objection have resulted in a lower sentence. Therefore, Petitioner cannot show deficient performance or prejudice, and his claim of ineffective assistance is denied. See Strickland, 466 U.S. at 687-88, 694. Similarly, Petitioner's efforts to cast this claim as a breach of contract with this Court also fail, not only because such a claim is waived and procedurally barred, but also because the record shows that there was no such agreement and, even if there had been, Petitioner was sentenced to the bottom of the guidelines range.

In sum, Petitioner's ineffective assistance of counsel claim is without merit.

IV. **CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 3), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 31, 2017

Max O. Cogburn Jr
United States District Judge